# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Richard G. Beck, Beverly Watson, Cheryl Gajadhar, Jeffery Willhite, and Lakreshia R. Jeffery, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs,<br><br>v.<br><br>Eric K. Shinseki, in his official capacity as Secretary of Veterans Affairs,<br><br>Rebecca Wiley, in her official capacity as the former Medical Director of William Jennings Bryan Dorn VA Medical Center,<br><br>Barbara Temeck, M.D., in her official capacity as the Chief of Staff of William Jennings Bryan Dorn VA Medical Center,<br><br>Ruth Mustard, RN, in her official capacity as the Director for Patient Care/Nursing Services of William Jennings Bryan Dorn VA Medical Center,<br><br>David L. Omura, in his official capacity as the Associate Director of William Jennings Bryan Dorn VA Medical Center, and<br><br>Jon Zivony, in his official capacity as the Assistant Director of William Jennings Bryan Dorn VA Medical Center,<br><br>Defendants. | Civil Action No.: 3:13-CV-999-TLW<br><br>**AMENDED COMPLAINT**<br>(Jury Trial Demanded)<br>(Class Action) |

COME NOW PLAINTIFFS, Richard G. Beck, Beverly Watson, Cheryl Gajadhar, Jeffery Willhite, and Lakreshia R. Jeffery, on behalf of themselves and all others similarly situated, who respectfully show unto the Court as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory and injunctive relief and money damages for Defendants' violations of federal law, including but not limited to, the Administrative Procedure Act ("APA"), the Privacy Act ("Privacy Act"), and the Health Insurance Portability and Accountability Act ("HIPAA"), each as amended.  Plaintiffs seek to represent approximately 7,500 individuals who have suffered emotional trauma, monetary damages, and been placed in fear of identity theft, destruction of credit, and health insurance fraud because of Defendants' willful and intentional actions and reckless disregard for the safeguarding of these citizens' personal identifying and medical information (the "Class").

2.      On or about February 11, 2013, Defendants suffered the loss or theft of a laptop computer containing the private personal and medical information ("Personal Information") of approximately 7,500 veterans who had received or were receiving medical treatment in Defendants' facilities in this state, specifically including the William Jennings Bryan Dorn VA Medical Center ("Dorn VAMC").

3.      The Personal Information on the lost or stolen laptop computer was not encrypted or otherwise safeguarded by Defendants as required by law, policy, minimum accepted industry standards, and repeated public representations by the Department of Veterans Affairs ("VA" or "Department").

4.      Defendants failed to properly perform the duties and responsibilities of their respective VA positions by failing to require compliance with applicable federal statutes, regulations, policies, and procedures regarding Privacy Act and HIPAA records and failed to ensure that Plaintiffs' Personal Information was protected from the intentional, willful, reckless,

2

arbitrary, and capricious actions and inactions of other Defendants and their agents, servants, and employees.

5.    Defendants flagrantly disregarded the privacy interests of affected veterans, including Plaintiffs, by illegally, intentionally, and willfully ignoring, and knowingly allowing its employees, contractors, servants, and other Department officials to ignore, the requirements of federal statutes and regulations, applicable Department policies and procedures for properly creating, maintaining, accessing, disclosing, and using Personal Information under their control.

6.    Defendants' intentional, willful, and reckless disregard for Plaintiffs' privacy interests are most obvious in their failing to make even the most rudimentary effort to safeguard Plaintiffs' Personal Information from unauthorized disclosure and theft despite nearly seven years to implement the lessons from a notorious 2006 event involving the loss of the Personal Information of more than 26 million veterans and several subsequent similar events. Thus, when it went missing, Plaintiffs' Personal Information was unencrypted, easily copied, physically accessible, and available to anyone obtaining physical control of the laptop. Defendants' failure to implement competent safeguards, or to base any safeguards on a reasonable and up-to-date security threat analysis, allowed Plaintiffs' Personal Information to literally walk out the door.

7.    Defendants' intentional, willful, and reckless actions and inactions have inflicted, and will long continue to inflict, real costs and emotional pain and suffering on Plaintiffs.

## JURISDICTION AND VENUE

8.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Jurisdiction is also invoked pursuant to 5 U.S.C. §§ 552a(g)(1), (5) because this is a civil action to enforce a liability created under 5 U.S.C. § 552a after September 27, 1975.

9.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

10.     Plaintiff Richard Beck is a citizen and resident of Richland County, South Carolina, and is an honorably discharged veteran who has received pulmonary and cardiovascular treatment and other health care at Dorn VAMC.

11.     Plaintiff Beverly Watson is a citizen and resident of Richland County, South Carolina, and is an honorably discharged veteran who has received medical treatment and other health care at Dorn VAMC.

12.     Plaintiff Cheryl Gajadhar is a citizen and resident of Richland County, South Carolina, and is an honorably discharged veteran who has received pulmonary and cardiovascular treatment and other health care at Dorn VAMC.

13.     Plaintiff Jeffery Willhite is a citizen and resident of Lexington County, South Carolina, and is an honorably discharged veteran who has received medical treatment and other health care at Dorn VAMC.

14.     Plaintiff Lakreshia R. Jeffery is a citizen and resident of Richland County, South Carolina, and is an honorably discharged veteran who received pulmonary and cardiovascular treatment and other health care at Dorn VAMC.

15.     Defendant Eric K. Shinseki is the Secretary of Veterans Affairs and, among other duties, was the official responsible for the proper execution and administration of all laws administered by the Department of Veterans Affairs at all times complained of herein.

4

16.     Defendant Rebecca Wiley was the Dorn VAMC Medical Director and, among other duties, was an official responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

17.     Defendant Barbara Temek, M.D., was the Dorn VAMC Chief of Staff and, among other duties, was an official responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

18.     Defendant Ruth Mustard, RN, was the Dorn VAMC Director for Patient Care/Nursing Services and, among other things, was responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

19.     Defendant David L. Omura was the Dorn VAMC Associate Director and, among other duties, was an official responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

20.     Defendant Jon Zivony was the Dorn VAMC Assistant Director and, among other duties, was an official responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

21.     All Defendants are sued in their official capacities.

22.     The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of this court.

## STATEMENT OF THE FACTS

23.     On or about February 11, 2013, a laptop computer was reported missing from a testing laboratory in the Dorn VAMC Respiratory Therapy Department. The laptop computer and hard drive admittedly contained Personal Information, including information subject to Privacy Act and HIPPA requirements, pertaining to approximately 7,500 United States military

veterans. The missing laptop and its embedded Personal Information contained individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, and dates of birth. In addition, an unknown number of records contained veterans' confidential medical and disability information.

24.     Upon information and belief, the laptop computer was not stored in a security container and none of the Personal Information was encrypted or similarly protected.

25.     To date, the subject laptop computer has not been returned to Defendants and it, and the Personal Information contained in it, remains unaccounted for.

26.     Upon information and belief, Plaintiffs' Personal Information was improperly gathered and placed on the missing laptop computer by an employee(s), agent(s), contractor(s), or other servant(s) of the Department and the Personal Information was retrieved or retrievable by the name of each individual or by some identifying number, symbol, or other identifying particular assigned to an individual.

## APA VIOLATIONS

27.     As of at least February 11, 2013, Defendants were required, at a minimum, to comply with the "Privacy Act Guidelines – July 1, 1975" published in the Federal Register on July 9, 1975, unless the requirements therein were subsequently modified or eliminated. In addition, Defendants were required to comply with numerous federal statutes, regulations, technical standards, as well as Department policies, procedures, and rules promulgated since the Department's 2006 loss of a laptop containing the personal information of 26 million veterans.

28.     Well before February 11, 2013, Department regulations, e.g., 38 C.F.R. § 1.576, and numerous Department policies, directives, and procedures required Defendants to safeguard an individual against an invasion of privacy, to collect, maintain, use, or disseminate records of

personally identifiable information in a manner that assured that such action was for a necessary and lawful purpose, and to ensure that adequate safeguards are provided to prevent misuse of such information.

29.     Well before February 11, 2013, other federal rules, regulations, procedures and guidance documents established minimum standards for Defendants' actions in gathering, maintaining, disclosing, using, and safeguarding personal and medical information. Examples of this guidance include Office of Management and Budget guidelines, Federal Information Processing Standards, and National Institute of Standards and Technology ("NIST") standards.

30.     Defendants failed to comply, and failed to ensure compliance, with the applicable laws and standards or to have adequate and appropriate Dorn VAMC policies and procedures in place to prevent the compromise of Plaintiffs' Personal Information.

31.     Defendants' failures are especially egregious in light of previously acknowledged safeguard failures, including a security breach at another VA medical facility in 2007 under essentially indistinguishable circumstances, and widely disseminated reports of the lack of adequate Department information security safeguards.

## UNAUTHORIZED DISCLOSURE

32.     The Privacy Act requires that personal information maintained by government agencies, including VA, only be disclosed (1) upon written authorization of the individual to whom the information pertains or (2) to persons who have been authorized to access the information pursuant to applicable regulations and procedures and then only for specified "routine" uses.

33.     Plaintiffs did not give Defendants written permission for their Privacy Act Records and other Personal Information to be placed on the stolen laptop.

34.    This use of Plaintiffs' Personal Information was not authorized pursuant to law or Defendants' administrative processes, in that there was no submission of a request for access and a formal authorization granting access had not been executed.

35.    Defendants' failure to physically safeguard Plaintiffs' Personal Information is further evidenced in that the individual or individuals that took and retain physical control of the missing laptop containing Plaintiffs' Personal Information was not challenged by Defendants, or any other VA employees, regarding his or her authority to possess, access, or use the subject laptop computer and remain unknown and at large.

## FAILURE TO SAFEGUARD

36.    Minimum requirements and standards for federal information security have long been available to federal agencies and officials, and the Department and Defendants are, or should be, well aware of their responsibilities and duties under those requirements. Further, the Department has made almost innumerable commitments to veterans, Congress, and the American people that it would properly safeguard personal information since 2006 when it lost control of the Personal Information of an estimated 26 million veterans and their families. Among those commitments was that Department laptop computers containing Personal Information would be encrypted to prevent unauthorized access should the device be lost or stolen.

37.    Defendants have not met their commitments and have again failed to protect veterans' Personal Information, including Plaintiffs' Personal Information. Defendants' failures are all the more egregious in this case because they were aware of ongoing gaps in security identified by other security breaches, including a 2007 loss of a laptop improperly containing

8

personal information from a Birmingham VA medical facility under essentially the same circumstances as in this case.

38.     Well before February 11, 2013, Defendants were, or should have been, aware of inherent and obvious risks associated with placing Plaintiffs' Personal Information on an unsecured and unencrypted laptop and that such a practice could result in potential disclosure of Personal Information through loss or theft.  Indeed, the loss or theft of a VA laptop computer is an all too frequent occurrence, and Defendants have long been on notice of the risks of such an event, yet still failed to ensure that proper safeguards were in place to prevent such an occurrence at Dorn VAMC.

39.     In addition, Defendants have been grossly negligent, if not willfully blind, in failing to encrypt devices containing personal information.  VA's own Office of Inspector General reported only a few months before the February 13, 2013, incident that, although VA spent $3,700,000.00 in 2006 to purchase encryption software, the Department had installed that software on only 16% of the devices for which it was purchased.  In other words, nearly seven years after committing to encrypt personal information on Department computers, at least 335,000 devices remained unprotected, apparently including the laptop missing from Dorn VAMC.  Further, the VA OIG stated unequivocally that the cause of this incredibly poor performance was VA's "inadequate planning and management."

40.     It is also clear that Defendants failed to implement an adequate physical security program at Dorn VAMC and have not implemented any means to identify unauthorized personnel in areas containing laptop computers or to prevent the removal of the stolen equipment from Dorn VAMC workplaces.

## FAILURE TO PUBLISH NOTICE

41.     The Privacy Act and implementing regulations require Defendants to publish in the Federal Register notice of the creation of any new system of records and the purpose for such system.

42.     Contrary to these requirements, Defendants did not issue any such notice regarding the system of records maintained on the missing laptop and it was not reasonably possible for any individual whose Personal Information was included in the system of records created on the laptop to determine that their individually identifying information was contained in that system of records or otherwise maintained by Dorn VAMC outside of a properly noticed system of records.

## INTENTIONAL AND WILLFUL VIOLATIONS

43.     One or more of Defendants' employees, agents, contractors, or servants intentionally and willfully transferred Plaintiffs' Personal Information to the missing laptop and stored the information in violation of the applicable legal and administrative requirements and without appropriate safeguards.

44.     Numerous federal laws require that Defendants implement safeguards for information systems that support VA operations which include (1) periodic assessments of the risk and magnitude of harm that could result from the unauthorized access and use of that information and (2) policies and procedures that are based on those risk assessments. Defendants did not require or ensure compliance with these fundamental information security requirements.

45.     Long-standing weaknesses in the Department's information security systems were responsible for the February 11, 2013, data breach. Defendants failed to heed years of warnings

10

about lax security from its own Inspector General and other agencies, such as the Government Accountability Office, and failed to implement numerous and repeated recommendations for correction of these deficiencies at Dorn VAMC.

46.     Defendants knew, or should have known, that their officers, employees, contractors, agents, or servants had ignored or failed to enforce VA and other federal requirements for ensuring that Personal Information, including Privacy Act and HIPPA records, were accessible only by properly authorized individuals, but did not require compliance therewith.

47.     VA officials, including Defendants, intentionally and willfully ignored specific and repeatedly identified weaknesses and vulnerabilities regarding improper laptop use. Competent security professionals or organizations charged with safeguarding sensitive information, such as Privacy Act and HIPPA records, categorize storing files on a computer system without any hardware or software safeguards as a fundamental security threat. Indeed, Defendants have been repeatedly warned of fundamental safeguard deficiencies by security professionals, but failed to correct them at Dorn VAMC.

48.     Defendants' inaction towards the persistent, unabating, and unaddressed security threats presented by the unmonitored activities of their employees, agents, contractors, and servants constitutes intentional and willful conduct so reckless as to exceed the standard of conduct for gross negligence.

49.     Further exacerbating the harm from their inactions, once Defendants lost control of Plaintiffs' Personal Information at Dorn VAMC, Defendants failed to timely report the event to Plaintiffs.     Upon information and belief, Defendants waited well over a month before notifying anyone outside of VA of the safeguards failure, without good cause for that delay.

11

## ADVERSE EFFECTS AND DAMAGES

50.     Each of Defendants' failures caused Plaintiffs adverse impacts and harm including, but not limited to, embarrassment, inconvenience, unfairness, mental distress, and the threat of current and future substantial harm from identity theft and other misuse of their Personal Information.  The threat of identity theft, medical insurance abuse, and similar adverse effects caused by Defendants' violations requires continuing affirmative actions by Plaintiffs to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, health insurance reports, and other similar information, purchasing credit watch services, and shifting financial accounts.

51.     Plaintiffs have suffered, and will continue to suffer for the foreseeable future, tangible and intangible harm as a result of Defendants' failures and violations.  This harm includes pecuniary and non-pecuniary damages.

## CLASS ACTION ALLEGATIONS

52.     This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1)-(3).

53.     The class consists of all persons who have been adversely effected by Defendants' violations of law and Defendants' failure to safeguard Plaintiffs' Personal Information.

54.     The class is so numerous that joinder of all members is impracticable.  The class size is at least 7,500, which is the number of individuals whose Personal Information Defendants admit was collected and maintained on the missing laptop.

55.     Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underlying action and relief sought.

56.     Class representatives' counsel is appropriately qualified and experienced to represent the class.

57.     There are substantial questions of fact and law common to all class members. The legal issues raised in this Complaint include violations of the APA, Privacy Act, HIPAA, and state law causes of action. The factual issues of whether Defendants violated one or more legal requirements are common to all class members. The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

58.     The claims of the representative Plaintiffs are typical of the claims of the class members. Representative Plaintiffs are military veterans who reasonably believe that their Personal Information was improperly safeguarded and improperly disclosed by Defendants.

59.     The representative Plaintiffs will fairly and adequately protect the interests of the class. Furthermore, the representative Plaintiffs' claims span the breadth of issues raised in this action.

60.     The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

61.     Defendants' liability for damages can be established by facts and circumstances common to the class as a whole and do not require the examination of Plaintiffs' individual circumstances.

62.     Questions of law and fact common to members of the class predominate over any questions affecting only individual members.

63.     A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because: (A) the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions;

13

(B) no similar litigation concerning the controversy is known to have been commenced by members of the class; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient resolution of the constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future; and (D) the difficulties in managing an action involving this class are significantly reduced by existing databases of potential class members prepared by the government and veteran service organizations.

## FIRST CLAIM FOR RELIEF

### Violations of the Administrative Procedure Act

64.     Plaintiffs reassert their allegations set forth above and incorporate them by reference into this First Claim for Relief.

65.     On February 11, 2013, a number of federal rules, regulations, procedures, and standards governed Defendants' actions in gathering, maintaining, disclosing, using, and safeguarding Privacy Act records and systems of records and information protected under HIPPA. Each of the applicable federal rules, regulations, procedures, and standards were final actions of a promulgating federal agency.

66.     Defendants were ultimately responsible for control, direction, and management of VA's processes, policies, and procedures for compliance with all applicable federal rules, regulations, guidelines, and standards applicable to Personal Information under the control of Dorn VAMC.

67.     Defendants intentionally, willfully, and unlawfully withheld and unreasonably delayed, required action, or acted so recklessly as to exceed the standard of conduct for gross negligence with respect to the applicable federal rules, regulations, guidelines, and standards for

implementing the Privacy Act and HIPAA and associated safeguards at Dorn VAMC. Defendants' actions in this regard were also arbitrary, capricious, and an abuse of discretion and were taken without observance of procedure required by law.

68.     Plaintiffs were adversely affected and aggrieved as a result of Defendants' improper actions and inactions and are entitled to equitable relief for Defendants' violations of Plaintiffs' rights pursuant to the APA, 5 U.S.C. §§ 702, 704, and 706, and the inherent equitable powers of the Court.

## SECOND CLAIM FOR RELIEF

### Violation of the Privacy Act – Unauthorized Disclosure

69.     Plaintiffs reassert their allegations set forth above and incorporate them by reference into this Second Claim for Relief.

70.     Defendants were responsible for ensuring that only individuals authorized pursuant to approved rules, regulations, procedures, and standards compliant with the Privacy Act could access Plaintiffs' Privacy Act records at the Dorn VAMC.

71.     Defendants failed to ensure that only VA employees, contractors, agents, and servants who had submitted access authorization requests, completed background checks, and met each of the other authorization process requirements could access VA Privacy Act systems of records, including Plaintiffs' Personal Information.  Upon information and belief, Defendants also failed to maintain any records of granted authorizations, requested or completed background checks, or to ensure that the sensitivity level that employees, agents, contractors and/or servants seeking to access Privacy Act records at or from the Dorn VAMC matched the sensitivity level of the information to be accessed.  Defendants' failures allowed an unauthorized individual or

individuals to access and use Plaintiffs' Privacy Act records contained on the subject laptop computer for unauthorized and improper purposes.

72.     Defendants flagrantly disregarded Plaintiffs' privacy rights and caused Plaintiffs adverse effects by disclosing Plaintiffs' Privacy Act records to unauthorized persons, in violation of 5 U.S.C. § 552a(b).

73.     Defendants' violations of the Privacy Act disclosure requirements were intentional or willful, or were the result of conduct so reckless as to exceed the standard of conduct for gross negligence.

74.     Defendants' intentional and willful Privacy Act violations caused Plaintiffs to suffer actual damages and Plaintiffs are entitled to monetary damages and the costs of this action together with reasonable attorney fees pursuant to the Privacy Act and 5 U.S.C. § 552a(g).

## THIRD CLAIM FOR RELIEF

### Violation of the Privacy Act – Failure to Safeguard

75.     Plaintiffs reassert their allegations set forth above and incorporate them by reference into this Third Claim for Relief.

76.     Defendants flagrantly disregarded Plaintiffs' privacy interests and caused Plaintiffs harm by failing to establish and ensure lawful compliance with appropriate administrative, technical, and physical safeguards requirements to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records' security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained, in violation of 5 U.S.C. §§ 552a(e)(9), (10).

77.     Defendants' violation of the Privacy Act safeguards requirements and failure to prevent or mitigate the effects of unauthorized and unmonitored transfer of sensitive data, including Privacy Act records, was either intentional and willful or the result of professional incompetence so reckless as to exceed the standard of conduct for gross negligence.

78.     Defendants' intentional and willful Privacy Act violations caused Plaintiffs to suffer actual damages and Plaintiffs are entitled to monetary damages and the costs of this action together with reasonable attorney fees pursuant to the Privacy Act and 5 U.S.C. § 552a(g).

## FOURTH CLAIM FOR RELIEF

### Violation of the Privacy Act – Improper Purpose

79.     Plaintiffs reassert their allegations set forth above and incorporate them by reference into this Fourth Claim for Relief.

80.     There is not, and never has been, any statute or executive order of the President authorizing Defendants to establish a system of records at the Dorn VAMC for the purpose for which the Personal Information on the missing laptop was reportedly used or for existing VA Privacy Act records or system of records to be used for that purpose.

81.     Defendants flagrantly disregarded Plaintiffs' privacy interests and caused Plaintiffs adverse effects by assembling and maintaining Plaintiffs' Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or by executive order of the President in violation of 5 U.S.C. § 552a(e)(1).

82.     Defendants' violation of the Privacy Act proper purpose requirement was intentional and willful or the result of conduct so reckless as to exceed the standard of conduct for gross negligence.

17

83.     Defendants' Privacy Act violations caused Plaintiffs to suffer actual damages and Plaintiffs are entitled to monetary damages and the costs of this action together with reasonable attorney fees pursuant to the Privacy Act and 5 U.S.C. § 552a(g).

## FIFTH CLAIM FOR RELIEF

### Violation of the Privacy Act – Failure to Publish Notice

84.     Plaintiffs reassert their allegations set forth above and incorporate them by reference into this Fifth Claim for Relief.

85.     Defendants are responsible under the Privacy Act for ensuring that individuals whose personal information is maintained by VA are informed of, *inter alia*, the fact that the government is maintaining the information, the location of the information, the purpose for maintaining the information, the authority to gather and maintain the information, and the safeguards used to protect the information from improper disclosure or abuse.

86.     Defendants failed to publish a Federal Register notice pursuant to 5 U.S.C. § 552a(e)(4) informing Plaintiffs that a new system of records was created, the new system of records was being maintained on the missing laptop, the purpose for maintaining the information, the safeguards being implemented, or the authority to gather and maintain the information.

87.     Defendants' violation of the Privacy Act notice requirement was intentional and willful or the result of conduct so reckless as to exceed the standard of conduct for gross negligence.

88.     Defendants' Privacy Act violations caused Plaintiffs to suffer actual damages and Plaintiffs are entitled to monetary damages and the costs of this action together with reasonable attorney fees pursuant to the Privacy Act and 5 U.S.C. § 552a(g).

18

## SIXTH CLAIM FOR RELIEF

### Negligence Per Se

89.     Plaintiffs reassert their allegations set forth above and incorporate them by reference into this Sixth Claim for Relief.

90.     Defendants owed a duty to Plaintiffs to properly secure the subject laptop computer containing Plaintiffs' Personal Information pursuant to laws including the APA, the Privacy Act, HIPAA, and associated federal regulations.

91.     The HIPAA Security Rule, 45 C.F.R. § 164.306, requires covered entities to maintain reasonable and appropriate administrative, technical, and physical safeguards for protecting electronic protected health information ("ePHI"). Specifically, covered entities must:

    a.  Ensure the confidentiality, integrity, and availability of all ePHI they create, receive, maintain or transmit;

    b.  Identify and protect against reasonably anticipated threats to the security or integrity of the information;

    c.  Protect against reasonably anticipated, impermissible uses or disclosures; and

    d.  Ensure compliance by their workforce.

92.     Defendants were also required by HIPAA to review and modify their security measures to continue protecting ePHI, to analyze their own needs and implement solutions to maintain safeguards against the dissemination of Plaintiffs' ePHI.

93.     Defendants failed to inform Plaintiffs of the theft of the subject laptop and the breach of security of Plaintiffs' medical records and Personal Information in a prompt and timely manner thus further exposing Plaintiffs to pecuniary and non-pecuniary damages including, but not limited to, identity theft, fraud loss of peace of mind, emotional instability, pecuniary loss associated with obtaining credit watch services, emotional distress, and out-of-pocket costs.

19

94.    Defendants owed a duty to Plaintiffs to properly secure their medical records and Personal Information which were contained on the subject stolen laptop.

95.    As a direct and proximate result of Defendants' gross negligence per se, recklessness, willfulness, and wantonness, Plaintiffs have suffered actual damages and are in imminent danger of suffering further material injury and loss by being placed in a material risk of harm for identity theft.

96.    As a result of the above described gross negligence per se, recklessness, willfulness, and wantonness, Plaintiffs are entitled to a judgment against Defendants for actual damages, statutory damages, attorneys' fees, incidental damages, and costs in the amount to be determined by the trier of fact.

## SEVENTH CLAIM FOR RELIEF

### SOUTH CAROLINA COMMON LAW NEGLIGENCE

97.    Plaintiffs reassert their allegations set forth above and incorporate them by reference into this Seventh Claim for Relief.

98.    Defendants failed to properly secure the subject laptop computer containing Plaintiffs' Personal Information in violation of numerous statutes and regulations.

99.    Defendants failed to inform Plaintiffs of the breach of security in their medical records and personal information in a prompt manner further exposing Plaintiffs to pecuniary and non-pecuniary damages including but not limited to identity theft, fraud loss of peace of mind, emotional instability, pecuniary loss associated with obtaining credit watch services, emotional distress, and out-of-pocket costs.

100.    Defendants owed a duty to Plaintiffs to properly secure their Personal Information contained on the subject stolen laptop.

101.    Defendants have willfully, wantonly, recklessly, and with gross negligence violated and failed to comply with the duties imposed upon them through statutory and regulatory mandates to secure Plaintiffs' Personal Information, and report any such breach of privacy in the most expedited manner possible.

102.    As a direct and proximate result of Defendants' gross negligence, recklessness, willfulness, and/or wantonness, Plaintiffs have suffered actual damages and are in imminent danger of suffering further material injury and loss by being placed in a material risk of harm for identity theft.

103.    As a result of the above described gross negligence, recklessness, willfulness, and/or wantonness, Plaintiffs are entitled to a judgment against Defendants for actual damages, incidental damages, attorneys fees, statutory damages, and costs in the amount to be determined by the trier of fact.

## **EIGHTH CLAIM FOR RELIEF**

South Carolina Common Law
Negligent Hiring, Training, Supervision, and Retention

104.    Plaintiffs reassert their allegations set forth above and incorporate them by reference into this Eighth Claim for Relief.

105.    Plaintiffs are informed and believe that Defendants were negligent, careless, reckless, wanton, willful, and grossly negligent at the time and place hereinabove mentioned in the following particulars:

      a.  In failing to have in place policies and procedures to properly hire, train, retain, supervise and monitor its employees, agents, contractors and/or servants, or if such procedures were in place, in failing to enforce them;

      b.  In failing to have in place adequate policies and procedures to mandate

21

compliance by its employees, agents, contractors and/or servants with statutes, laws, regulations and standards of care related to the security of Plaintiffs' and veterans' Personal Information and Privacy Act records, or if such policies and procedures were in place, in failing to enforce them;

c.  In generally failing to use the degree of care and caution required under the same or similar circumstances; and

d.  In such others as may be ascertained through discovery in this matter.

106.    That because of the acts and omissions of Defendants as enumerated hereinabove which resulted both proximately and directly in the damages also set out above, Plaintiffs seek a reasonable amount of actual damages against Defendants as well as an exemplary amount of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

(a)    That this Court issue a declaratory judgment that Defendants violated, and continue to violate, Plaintiffs' rights under the APA, Privacy Act, and HIPPA;

(b)    That this Court enjoin Defendants and the officers, agents, contractors, employees, and servants of the Department, and those acting for and with them, to account for all Privacy Act and HIPPA records in the possession of the Department's Columbia Regional Office and Dorn VAMC or under their control, including all copies, whether authorized or unauthorized, on Department and personal computers, and on any data storage medium and to cause to be recovered or permanently destroyed any records or Personal Information derived from those records that is found in any unauthorized

22

or improper location or maintained contrary to applicable standards for information security and safeguards, the Court to retain jurisdiction until such accounting is favorably reviewed by a panel of acknowledged experts in information security independent of Defendants and approved by the Court;

(c)     That this Court enjoin Defendants and the officers, agents, contractors, employees, and servants of the Department, and those acting for and with them from transferring agency Privacy Act or HIPPA records or any information compilation derived or based on Privacy Act or HIPPA records from Department computer systems to any portable device capable of storing, containing, or transferring any record or system of records, including, but not limited to, laptop computers, CDs, DVDs, portable hard drives, memory sticks or similar devices, and "iPods" and similar devices, from property under Defendants' supervision and control until and unless Defendants demonstrate to the Court that adequate information security has been established pursuant to the applicable federal standards;

(d)     That this Court grant to Plaintiffs judgment against Defendants for damages in an amount calculated to compensate each individual who suffered damages resulting from Defendants' violations, actions, and inactions;

(e)     That this Court grant to Plaintiffs judgment against Defendants for punitive damages to the degree allowed by law in an amount calculated to deter Defendants from continuing to ignore their duties and

23

responsibilities to safeguard the Personal Information entrusted to them;

(f)     That this Court grant to Plaintiffs their costs and reasonable experts' and attorney's fees;

(g)     For an order certifying the class defined herein, appointing undersigned counsel as class counsel, approving Plaintiffs as class representatives, and requiring that notice be provided to the class; and

(h)     That this Court grant such additional relief as the Court deems proper and just.

Respectfully Submitted,

MIKE KELLY LAW GROUP, LLC

BY:     /s/ D. Michael Kelly
        D. Michael Kelly
        Fed. Id. No. 2299
        Brad D. Hewett
        Fed. Id. No. 10388
        Walton J. McLeod, IV
        Fed. Id. No. 10549
        500 Taylor Street
        P.O. Box 8113
        Columbia, SC 29202
        803/726-0123

        /s/ Douglas J. Rosinski
        Douglas J. Rosinski, Esq.
        Fed. Id. 6995
        701 Gervais St., Ste. 150-405
        Columbia, SC 29201-3066
        803.256.9555 (tel)
        888.492.3636 (fax)
        djr@djrosinski.com

        Attorneys for Plaintiffs

Columbia, South Carolina
June 26, 2013