UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Richard G. Beck, Beverly Watson, )
Cheryl Gajadhar, Jeffrey Willhite, )
and Lakreshia R. Jeffery, on behalf of themselves )
and all others similarly situated, )
 )
         Plaintiffs, )
 ) C/A No. 3:13-cv-00999-TLW
   vs. )
 )
Eric K. Shinseki, in his official capacity as )
Secretary of Veterans Affairs; )
Rebecca Wiley, in her official capacity as the )
former Medical Director of William Jennings )
Bryan Dorn VA Medical Center; )
Barbara Temeck, M.D., in her official capacity )
as the Chief of Staff of William Jennings )
Bryan Dorn VA Medical Center; )
Ruth Mustard, RN, in her official capacity as the )
Director for Patient Care/Nursing Services of )
William Jennings Bryan Dorn VA Medical Center; )
David L. Omura, in his official capacity as the )
Associate Director of William Jennings Bryan )
Dorn VA Medical Center; an )
Jon Zivony, in his official capacity as the )
Assistant Director of William Jennings Bryan )
Dorn VA Medical Center, )
 )
         Defendants. )
_____)

**ORDER REGARDING INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED DOCUMENTS**

Upon the request of the parties in the above-captioned matter (Doc. #61), and pursuant to pursuant to Federal Rule of Evidence 502(d), and in accordance with Federal Rule of Civil Procedure 26(b)(5), it is hereby ORDERED:

1.    The parties are engaged in ongoing discovery, including the production of significant quantities of information and documents, both hard copy documents and electronically stored information ("ESI"). Documents produced to another party could include

materials subject to privilege or other legally recognized protections (hereinafter "privileged information") and therefore not subject to disclosure in discovery. Such inadvertent disclosure of privileged information is possible despite due diligence and reasonable care taken to protect privileged information. Thus, to facilitate this production and to protect all applicable privileges, this Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of communications or information in discovery in this matter, and the production of documents and ESI in this ongoing discovery effort that contain information protected by the attorney client privilege, work product doctrine, or any other applicable privilege or protection shall be deemed inadvertent and shall not waive any applicable privilege or protection.

2.     Each party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the party can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents in discovery conducted in this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client privilege or work product protection that the disclosing Party would otherwise be entitled to assert with respect to the information or documents and their subject matter.

3.     If a party identifies information received from a producing party that appears on its face to be privileged or otherwise protected information, the receiving party shall promptly notify the producing party and shall not refer to, quote, cite, rely upon or otherwise use the information until the producing party has acknowledged receipt of the communication and has had fourteen (14) days to object to the use of such information pursuant to Paragraph 4 below.

By notifying the producing party that information appears on its face to be privileged information, the receiving party does not concede that the information is in fact covered by an applicable privilege or protection and reserves the right to challenge any assertion of privilege or protection.

4. The producing party may assert a claim of privilege or protection (hereinafter collectively "privilege") as soon as practicable and no more than fourteen (14) days after either: (1) receiving notice that the receiving party has notified the producing party that it has identified information that appears on its face to be privileged; or (2) otherwise discovering that a produced document contains privileged information. In asserting such a claim of privilege, the producing party shall provide information sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A) and shall identify for each claim of privilege, at a minimum: (1) the information subject to the claim, (2) the author, date, and addressees or recipients of the document (where applicable), (3) the privilege being asserted, and (4) the basis for the claim of privilege.

5. Upon assertion of the privilege pursuant to Paragraph 4 above, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified. See Fed. R. Civ. P. 26(b)(5)(B). If the receiving party does not agree with the privilege claim, the parties must promptly meet and confer in an attempt to resolve the claim. If meeting and conferring regarding the privilege claim does not resolve the claim, the parties may, after diligently attempting to resolve the matter, present the dispute to the Court, including, as appropriate, presenting the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. See Fed. R. Civ. P. 26(b)(5)(B).

6.      Once a document or information has been identified as privileged in accordance with paragraph 3 above, no party shall in any way copy, reproduce, refer to, quote, cite, reply upon, or otherwise use in any manner, any such document or its contents in any proceeding unless and until the Court determines that the document is not protected from discovery or the producing party withdraws the claim of privilege, except that in support of any motion to compel release of information identified as privileged, a party may file, under seal, the information at issue. In the event that a document or information has been identified as privileged in accordance with Paragraph 4 above after it has been filed on the docket, the party asserting a claim of privilege shall, within three (3) business days after receiving notice of the filing, file a motion to seal the docket entry and, if appropriate, substitute a redacted version.

7.      If the claim of privilege is upheld by the Court or if the receiving party agrees with the claim of privilege, all copies of the privileged documents identified in accordance with paragraph 3 above shall be returned to the producing party or destroyed. To the extent that notes or records contain information the Court has determined to be privileged, the privileged portions of any such note or record shall be permanently destroyed, deleted or redacted. The destroying party shall then certify in writing to counsel for the producing party that such documents have been returned or destroyed and that such notes either do not exist or have been destroyed. If ESI, including images of documents, are produced on electronic media (e.g., CD, DVD, USB Drive, etc.), the producing party may demand the immediate return of that electronic media containing the inadvertently disclosed information, but only after the producing party provides a replacement of the electronic media at the producing party's expense, which shall be identical to the original electronic media in all respects except for the deletion of the privileged information, and the image of a blank document or notice of deletion may be substituted for the image of the privileged information deleted so that document reference numbers and data concerning the images of other documents on the electronic media need not be changed. Upon the provision of

this replacement electronic media and demand for destruction of the original media containing privileged information, the receiving party shall permanently delete or destroy any copies of the privileged ESI.

8.     This Order applies to information covered by the attorney-client privilege and attorney work-product doctrine, and thus constitutes a controlling court Order pursuant to Federal Rule of Evidence 502(d) with respect to waiver. This Order also applies to any other privilege or protection that the parties may properly assert to prevent the disclosure of information, including, but not limited to, the Privacy Act and governmental privileges, such as the deliberative process privilege.

9.     This Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>TERRY L. WOOTEN<br>Chief United States District Judge

June 30, 2014  
Columbia, South Carolina

AGREED TO BY:

| | |
|---|---|
| | STUART F. DELERY |
| Brad D. Hewett | Assistant Attorney General |
| Fed. Id. No. 10388 | Civil Division |
| bhewett@mklawgroup.com | |
| Walton J. McLeod, IV | JOHN R. TYLER |
| Fed. Id. No. 10549 | Assistant Branch Director |
| wmcleod@mklawgroup.com | Federal Programs Branch |
| 500 Taylor Street | |
| Columbia, SC 29201 | /s/_____ |
| 803.726.0123 (tel) | MATTHEW A. JOSEPHSON |
| 803.252.7145(fax) | HECTOR G. BLADUELL |
| | Trial Attorneys |
| Douglas J. Rosinski, Esq. | Admitted Pro Hac Vice |
| Fed. Id. 6995 | United States Department of Justice |
| 701 Gervais St., Ste. 150-405 | Civil Division, Federal Programs Branch |
| Columbia, SC 29201-3066 | Post Office Box 883 |
| 803.256.9555(tel) | Washington, D.C. 20044 |
| 888.492.3636(fax) | Tel: 202-514-9237 |
| djr@djrosinski.com | Fax: 202-616-8470 |
| | Matthew.A.Josephson@usdoj.gov |
| Counsel for Plaintiffs | Counsel for Defendants |